Mr. Colon-Lorenzo v. Lynch We're going to look at what Mr. Colon did when he filed a notice of appeal, untimely. And therein he raised the fact that his attorney had been negligent and did not file on time and that he'd been denied due process. That's his exact words. It seems to me that at that time the board could have addressed that issue, but instead primarily said your notice to appeal is untimely. It could have been considered a motion for reconsideration. In this circuit we have more than one opportunity to file such a motion. And the latest motion to reopen filed with my office, we explained to the BIA that we met all the requirements under LOSADA. We have a 20-page declaration signed on the penalty of perjury by Mr. Colon telling and explaining the facts about him finding out that the attorney did not file the notice of appeal as he should have by March 1, 1993. He became suspicious and he filed his motion late again, 56 days after it was decided. So we have a situation where the board did not react to the words saying your attorney was ineffective. So I'd like to submit that he has stayed in the statute that allows him to file such a motion when he came to my office and as we went through the record. He came to your office 20 years after this occurred? Yes, sir. Okay. And how is that due diligence? Well, he knew as of 1993 that his lawyer probably hadn't filed the notice of appeal, right? He had a suspicion. He went to an actuario consultant, and that actuario kind of made things worse. So by the motion to reopen, he threatened in order to appeal. He sort of makes his choice, right? And, you know, one possibility would be to challenge the order or challenge the action. He chooses to come back illegally, and only when he gets caught does he then challenge the order. It seems to me he sort of made his choice, right? He could have raised the challenge then and tried, you know, abided by whatever the order is, but he chooses to go the illegal route. Why isn't he bound by that? I mean, 20 years later, it's very hard to sort of undo things. Because he's a layperson. He relied on his attorney. He relied on the academy. It didn't take him very long to come back, right? The next day he comes back in? Yeah. That was after he was moved after five years of the order of removal. That happened in 1998, January 31st. In 1998, he was actually removed. And then he came back the following day, yes. And then sometime thereafter, he came to my office. We talked about the case. I reviewed some of the documents. When you say sometime thereafter, you mean 15 years after he came back? That's correct, sir. Okay. That's correct. But I did take the courtesy and the time to reach out to him. And he sort of presented himself on his own? He presented himself to you on his own? Decided he wanted to straighten out his record? I think whereabouts and the need to legalize his status, the advice of a friend, he came to my office. I also reached out to a previous attorney, Mr. Morrell. I said, Mr. Morrell, Mr. Colon has some issues with you regarding his representation. And there was no response. So where do you begin to determine due diligence? Is it from the time that he tried to do something on his own? Or 20 years when he had attorney counsel to fully analyze the issue? And we proceeded on the Losada declaration, reaching out to the attorney, although we didn't file a complaint, which we don't have to. But I believe that sets the equities. And his efforts, not to forget about it, there was a doubt, not a certainty. Being a layperson, he didn't know. And I believe on that basis, he has met his burden of proof for due diligence. Regarding the second appeal. I mean, the only reason it prompts him to look into it at all, because he got caught again, right? Yes. I mean, you know, it's one thing to say, look, I've been brooding about it, I've been thinking about it, and finally decided to come clean. You know, he goes to a lawyer and says, can you straighten this out for me? But it's not what happened. What happened is he doesn't do anything for 20 years, and then he gets caught again, and then he says, oh, now I want to straighten it out. But is it 20 years that he's not doing anything? Or is it earlier in time when he gets the unpleasant news from his attorney, looks for help, gets the wrong help, and does something about it? That shows his intention and manifest to carry out and seek out due process, which was denied. And in fact, that's what he said. I was denied due process in the notice of appeal. It wasn't addressed by the BIA. Your notice of appeal is untimely. I think, if you cannot ignore that, I think there are some steps that still need to be built. For 19 dots, that 20 years, listens to somebody's advice, goes to the attorney, happened to be me. I looked at the record, and I was convinced that he had a cause of action, which is really a great effectivism. Okay. You have about three and a half minutes left. Do you want to say anything? Mr. Weddle? Yeah, I'd like to address the second petition. It's up to you. I'm just telling you. On the second petition, it's been criticized that I did not address the DHS attempt to reinstate a prior order removal. But I beg to differ. I filed a petition for review in a state of removal prior to the government trying to reinstate that prior order. Not only that, but in our reply, I addressed all the issues raised for the first time on that issue in the government's response. Is there time I have left? Okay. Thank you. You've made that your permanent seat in the courtroom? Yes. We're going to have to start charging you then. May it please the Court, Craig Newell for the Attorney General. The Court should deny these consolidated petitions for review without needing to address the underlying merits. Mr. Colon waived judicial review of his reinstated removal order by not challenging it in his opening brief. And now that he's subject to a reinstate removal order, he is statutorily barred under the reinstatement provision from obtaining reopen. In other words, so even if the Court were to find that the Board abuses discretion in denying the motion to reopen, a remand would be futile because the Board no longer has any authority to reopen his proceedings. USC 1231A5, the reinstatement statute, presents a clear and unqualified bar to reopening for those with a reinstated removal order. Same hook as the last case. Yes, Your Honor. Congress intended with the enactment of this reinstatement provision to create an expedited process for people illegally returned after being removed. It wanted to instill a strong finality in it. And that, of course, would prevent them from, you know, seeking unlawful self-help by coming back in here and trying to relitigate their removal order or trying to now seek relief. And that is what Mr. Colon is doing. And so because of that statutory bar to reopening, his first petition of the denial of his motion to reopen is moot. And the Court can deny both petitions on the basis, first, that the reinstated removal order was waived, and second, that the reopening is now moot because of the statutory bar. And just briefly, even if the Court were to find that the bar did not apply, the Board still did not abuse its discretion. The motion was clearly untimely, and he did not warrant equitable tolling because of that failure to show due diligence. He knew as of 1993 that his former attorney failed to perfect an appeal. While he may not have known whether it's because he filed an untimely one and was rejected or he never did it, he knew at that time of the harm that his attorney caused. Mr. Colon is trying to turn the due diligence analysis on. He did not learn until he met his new counsel of either the exact reasoning for why his former attorney failed him or the exact legal device, which is a motion to open based on ineffective assistance the counsel to pursue. That's not the standard. It's when did you learn of this harm. And even then, he became suspicious in 1993, and there is no claim that he took any action thereafter until almost 20 years later. There's also no claim that he relied on an attorney or the notario's bad advice or deceptive advice. There was nothing. This contrasts with many other cases such as Rodriguez-Lara and other cases, Mejia-Hernandez, where the alien kept relying on an attorney or notario who was deceiving him. So that's just not the case. This 20-year break forecloses any claim of due diligence, which forecloses equitable tolling, and thus the board properly denied his motion to reopen. But saying all that, the court does not need to address that. As he waived review of the arraigned statement order, and now he is statutorily barred from obtaining reopening. So that determination is moot. Thank you. Thank you. Briefly, Your Honor. Counsel, I can see that if this matter was remanded, you'd get another shot at reopening the actual trial proceedings. Even in that event, he's got many possibilities to stay in this country legally. What do you do about 1231A5? Well, if it goes remanded back to the trial and is reopened, it would be ---- It says it's not subject to being reopened. So how do you deal with that language? Okay. Thank you.
judges: Kozinski, Bybee, Walter